■ LIPPINCOTT & MARGULIES, INC., Appellant, v. BYRON OSTERWEIL, Respondent.— Order, Supreme Court, New York County, entered on March 22, 1971, denying appellant's motion to renew its application for a temporary injunction, unanimously reversed, on the law and the facts and as a matter of discretion, and injunction granted in accord with this memorandum. Appeal from the order, Supreme Court, New York County, entered on February 24, 1971, unanimously dismissed, without costs and without disbursements, as academic. In denying plaintiff's application to renew its prior application for a temporary injunction Special Term denied plaintiff the opportunity to show that the narrowly limited view of the restrictive covenant was not applicable to the situation disclosed. Plaintiff's business is counseling commercial organizations in regard to marketing, packaging and the like of their products. To this end it makes studies of what it deems to be the needs of various companies and then contacts those companies with a view to soliciting their business. Defendant on plaintiff's behalf and while in its employ made presentations to prospective customers and also assigned other employees to contact specific firms to the same end. We believe the restrictive covenant in defendant's contract, in the light of plaintiff's known method of doing business, to be sufficiently broad to cover such firms as were being solicited by defendant or others at his direction at the time he left plaintiff's employ, and that he should be enjoined from soliciting them for like services. Settle order on notice. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Eager, JJ.

■ In the Matter of PINELAWN CEMETERY, Respondent, v. JOHN P. LOMENZO et al., Constituting the Cemetery Board in the Division of Cemeteries in the Department of State, Appellants.— Order, Supreme Court, New York County, entered on December 22, 1970, in this article 78 proceeding, modifying a determination of the appellant, Cemetery Board, by striking all provisions thereof which do not bear upon petitioner's application for an increase in its interment charges and setting down for trial before the court issues relative to the disallowance of increases in interment charges sought by petitioner, unanimously modified, on the law, without costs and without disbursements, to the extent of directing a trial on all issues raised by the pleadings and other papers submitted at Special Term. A trial is necessary herein in order to resolve the objections raised in the petition and to determine whether or not the actions taken by the Cemetery Board are arbitrary and capricious. The precise basis for the decision to allow only a limited increase in interment charges cannot be culled from the present record. Likewise, petitioner's objections to many of the other provisions of the board's order are ignored by appellants. The concern expressed by appellants that the court is attempting to usurp their rate-making functions is unjustified. The trial ordered is of limited scope. Should petitioner prevail on any of the disputed issues, it would then be incumbent upon the court to remand the matter to the Cemetery Board for the fixing of interment charges and related matters. Certainly, the court may not itself undertake this function. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Tilzer, JJ.