OPINION OF THE COURT
Lawrence E. Kahn, J.
In this proceeding, petitioner seeks an order pursuant to section 1507 (subd [a], par [2]) of the Not-For-Profit Corporation Law, approving the application of Memory Gardens, Inc., to withdraw the sum of $31,069.98 from its permanent maintenance fund for the payment of attorneys’ fees incurred by petitioner as a result of recent litigation, hearings and other proceedings. The Cemetery Board of the State of New York has chosen to oppose the request for relief.
Pursuant to article 15 of the Not-For-Profit Corporation Law, the petitioner as a “cemetery corporation”, is required to maintain both a permanent maintenance fund and a current maintenance fund. Upon the sale of individual cemetery lots, certain percentages are required to be paid to the respective maintenance funds. The permanent maintenance fund is designated by statute as a trust fund, with use of the income therefrom restricted. “The principal of such fund shall remain inviolate, except that upon application to the supreme court *** the court may make an order permitting the principal or a part thereof to *331 be used for the purpose of current maintenance and preservation of the cemetery or otherwise.” (Not-For-Profit Corporation Law, § 1507, subd [a], par [2].) On the other hand, the current maintenance fund is not designated as a trust fund nor is the expenditure of principal dependent upon a court order.
This litigation is not in the nature of an article 78 proceeding to review a determination of an administrative agency or board. Such proceedings are available to review certain actions of the respondent (Not-for-Profit Corporation Law, § 1504, subd [d]), and if this were such a proceeding, the cemetery board’s determination would be upheld unless it was arbitrary and capricious (Matter of Pinelawn Cemetery v Lomenzo, 37 AD2d 544). However, this is not such a review in that the cemetery board is not statutorily authorized to make a determination herein. Rather, the statute specifically grants the Supreme Court, in its discretion, the authority to allow invasion of the permanent maintenance fund upon application of either a cemetery corporation or the board.
In determining whether an invasion of principal may be allowed, this court is mindful of the clear legislative intent in the enactment of this article. The Legislature has declared it to be a vital interest to the public at large to preserve burial grounds, and to insure the proper operation of corporations which own and manage these facilities. Such an endeavor insures that cemeteries will be prevented from “falling into disrepair and dilapidation and becoming a burden upon the community”. (Not-For-Profit Corporation Law, § 1501.)
A review of the affidavits submitted in support of the relief establishes that payment of attorneys’ fees incurred by the petitioner as set forth in its petition are properly payable from the permanent maintenance fund. Said legal expenses were incurred for matters which are not within the realm of those activities which would normally be contemplated by the corporation and payable out of the current maintenance fund, and said expenses clearly advance the legislative mandate to insure the continued viability of cemetery corporations. This court further exercises its discretion to authorize said invasion in that by *332 resolution dated August 5, 1981, the board of directors of petitioner have resolved to repay the permanent maintenance fund the amount to be withdrawn therefrom in 10 annual installments, thereby returning the “borrowed” principal to the fund.
The petitioner’s request for an order pursuant to section 1507 (subd [a], par [2]) of the Not-For-Profit Corporation Law, approving the application of Memory Gardens, Inc., to withdraw the sum of $31,069.98 from the permanent maintenance fund for the payment of attorneys’ fees as set forth in the petition shall be granted, without costs, conditioned upon the repayment of said invasion pursuant to the board resolution of August 5, 1981.